COPY
OF ORIGINAL FILED

2007 JUN 29 PM 2:58

U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
OAKLAND, CA.

GARY J. VALERIANO (Bar No. 89644)
gjv@amclaw.com
MARK J. KRONE (Bar No. 219806)
mk@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
Thirty-First Floor
444 South Flower Street
Los Angeles, California 90071-2901
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

**Attorneys for Defendant HARTFORD FIRE INSURANCE COMPANY**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND**

| | |
|---|---|
| In re<br><br>PLAN COMPLIANCE GROUP, LTD.,<br><br>Debtor. | Case No. 05-49454 RN7<br>Chapter 7<br><br>Adv. Proc. No.: 07-04082. 91<br><br>**DEFENDANT'S NOTICE AND MOTION FOR WITHDRAWAL OF REFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Federal Rules of Bankruptcy Procedure Rules 5011 and 28 U.S.C. § 157(d)]**<br><br>**[Filed Concurrently With Request For Judicial Notice.]**<br><br>**JURY TRIAL DEMANDED**<br><br>**Date: August 8, 2007**<br>**Time: 9:30 a.m.**<br>**Ctrm: 220** |
| JOHN T. KENDALL, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>HARTFORD FIRE INSURANCE COMPANY, a Connecticut Corporation,<br><br>Defendant. | |

///

///

///

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

**TO THE COURT AND ALL PARTIES OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on August 8, 2007, at 9:30 a.m. or as soon thereafter as this matter may be heard in Courtroom 220 of the above-entitled court located at 1300 Clay Street, Oakland, California, Defendant HARTFORD FIRE INSURANCE COMPANY ("HARTFORD") will move the court for an order withdrawing reference of this matter to the bankruptcy court.

This motion is brought pursuant to Federal Rules of Bankruptcy Procedure Rules 5011 and 28 U.S.C. § 157(d).

This motion is based on this notice, the attached memorandum of points and authorities, the Request for Court to Take Judicial Notice filed concurrently herewith, the Declaration of Gary J. Valeriano, the pleadings on file herein, and such other and further evidence that may be presented at the hearing of this matter.

DATED: June 26, 2007

ANDERSON, McPHARLIN & CONNERS LLP

By: ______________________________
Gary J. Valeriano
Mark J. Krone
Attorneys for Defendant HARTFORD FIRE INSURANCE COMPANY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

This action arises out of a scheme by Francis "Bill" Reimers ("Reimers") wherein he used funds from three entities he created and controlled – Advisory Services Group ("ASG"), Univest Capital Management, Ltd ("UCM"), and Plan Compliance Group, Ltd. ("PCG") – to pay for personal expenses and to pay his investors their guaranteed rate of return. After Reimers' scheme imploded, PCG and UCM became the subject of a voluntary Chapter 7 bankruptcy case. It is not known whether ASG existed as a separate legal entity. Additionally, Reimers pleaded guilty to mail fraud and money laundering charges.

On May 18, 2007, Plaintiff John T. Kendall, the Chapter 7 Trustee in the matter captioned "In re Plan Compliance Group, Ltd.," Case No. 05-49454 RN7 of the United States Bankruptcy Court, Northern District of California, Oakland (the "PCG Bankruptcy") commenced an adversary proceeding against HARTFORD FIRE INSURANCE COMPANY ("HARTFORD"). In its "Complaint for Declaratory Relief" (the "Adversary Complaint,"[1]), Plaintiff alleges that HARTFORD insured PCG against employee fraud and dishonesty (Adversary Complaint ¶ 9) and HARTFORD is contractually obligated to indemnify PCG for losses arising from Reimers' fraudulent scheme. (Adversary Complaint ¶¶ 9, 17-18).

Although the Adversary Complaint is styled an action for a judicial declaration of rights, the gravamen of the complaint is breach of contract and the relief sought is a payment of money under that contract. (Adversary Complaint ¶¶ 17-21, Prayer A.) As such, the Adversary complaint arises under California state law against a non-debtor / non-creditor concerning a pre-bankruptcy petition contract, and it is a non-core proceeding over which the bankruptcy court lacks exclusive jurisdiction. Further, HARTFORD anticipates demanding a jury trial and will not consent to the bankruptcy court hearing a jury trial in this matter. HARTFORD therefore moves, pursuant to 28 U.S.C. § 157(d) to withdraw reference of this matter to the bankruptcy court.

---

1 A true and correct copy of the Adversary Complaint is attached as Exhibit "A" to the Request for Court to Take Judicial Notice filed concurrently herewith.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

## II. ARGUMENT

The District Court has original jurisdiction over all cases arising under title 11 of the Bankruptcy Code, but may "refer" bankruptcy cases to the bankruptcy judges for the district automatically. This automatic reference includes (1) all cases under Title 11; (2) all core proceedings arising under Title 11; and (3) non-core proceedings arising under or related to Title 11. 28 U.S.C. § 157. The authority to refer cases is tempered by the provision that "the reference may or shall be withdrawn in certain situations." *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 951 (7th Cir. 1996). 28 U.S.C. § 157(d) states that reference of a matter to bankruptcy court may be withdrawn:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

There is no statutory definition of "cause shown" under 28 U.S.C. § 157(d). Typically, courts consider whether the proceeding is core or non-core, as well as a number of factors, including whether there has been a jury demand and judicial economy considerations. *In re Lars, Inc.*, 290 B.R. 467, 469 (D.P.R.2003). "Whether to withdraw a case under § 157(d) is within the district court's discretion. The courts have identified a number of factors to consider in making this determination. The Ninth Circuit has said that the court should consider 'the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.'" *In re Daewoo Motor America, Inc.*, 302 B.R. 308, 310 (C.D. Cal. 2003) (citing *Security Farms v. Int'l Bhd. of Teamsters,* 124 F.3d 999, 1008 (9th Cir. 1997).

As discussed below, reference of the Adversary Complaint to the bankruptcy court should be withdrawn because all pertinent factors militate in favor of withdrawing reference.

///

///

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

**A. The Adversary Complaint is a non-core proceeding.**

Actions which do not depend upon bankruptcy laws for their existence and which could proceed in another court independent of the bankruptcy proceeding are not "core proceedings" under 28 U.S.C. § 157. *In re Gardner*, 913 F.2d 1515 (10th Cir. 1990). Whether a proceeding is core or non-core is of vital importance to a motion to withdraw reference because it determines how the claim must be treated:

> In noncore matters, the bankruptcy court acts as an adjunct to the district court, in a fashion similar to that of a magistrate or special master. In noncore matters, the bankruptcy court may not enter final judgments without the consent of the parties, and its findings of fact and conclusions of law in noncore matters are subject to de novo review by the district court.... In contrast to the bankruptcy court's authority in noncore cases, the bankruptcy court may enter final judgments in so-called core cases, which are appealable to the district court. The standard for appeal of core matters of [sic] the district court is the same as in other civil matters appealed from the district court to the circuit courts of appeal. 28 U.S.C. § 158(c).

*Harris Pine Mills v. Mitchell*, 44 F.3d 1431, 1436 (9th Cir. 1995) (citations omitted).

Generally, claims that arise under or in Title 11 are deemed to be "core" proceedings, while claims that are related to Title 11 are "noncore" proceedings. *See e.g. Robertson v. Isomedix, Inc.*, 28 F.3d 965, 969 (9th Cir.1994) ("[c]ore proceedings are matters concerning the administration of the estate and rights created by Title 11.") (internal citation and quotation omitted).

Contrary to the Trustee's allegation that this matter is a core proceeding (Adversary Complaint ¶ 6), an action to enforce the debtor's pre-petition insurance policy is not a core proceeding. "Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997).

For example, in *In re Daewoo Motor America, Inc.*, 302 B.R. 308, 311 (C.D. Cal. 2003), the District Court found that the insured's action to enforce its pre-petition insurance policy was not a core proceeding. In *Daewoo*, the debtor commenced an adversary proceeding to recover insurance benefits under its pre-bankruptcy petition insurance policy issued by Gulf Insurance Company for a loss that also occurred post-petition. *Id.* at 309-10. Observing that the Ninth

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

Circuit is particularly strict on how broadly core proceedings are defined under 28 U.S.C. § 157(b)(2)(A) & (O), the court noted the Ninth Circuit has held "state law contract claims that do not specifically fall within the categories of core proceedings enumerated in 28 U.S.C. § 157(b)(2)(B)-(N) are related proceedings under § 157(c) even if they arguably fit within the literal wording of the two catch-all provisions … ." Id., at 311 (quoting *In re Castlerock Properties*, 781 F.2d 159, 162 (9th Cir. 1986)). Thus, even though the adversary proceeding at issue involved a post-petition breach of a pre-petition insurance contract, the court found it was "unlikely that this case would satisfy the Ninth Circuit's strict construction of the catch-all provisions" and held that the matter would be treated as a non-core proceeding. *Id.* at 313.[2]

Similarly, the Court of Appeal for the Seventh Circuit held that proceedings brought for the determination of coverage under a pre-bankruptcy insurance policy are "non-core proceedings":

> The right to complain about a preference is created by the Bankruptcy Code itself, whereas Eljer's claimed right to insurance coverage is a creation of state contract law and one that could be vindicated in an ordinary breach of contract suit if Eljer were not a bankrupt. The fact that it is an important right to the bankrupt-Eljer claims to be seeking $500 million in insurance coverage-is irrelevant. [citation] "Core" is a defined term in the Bankruptcy Code, a term of art, rather than a metaphor. The impact of a claim on the size of the debtor's estate is a criterion of whether a claim is related to the bankruptcy and is therefore a noncore proceeding. [citations]. So Eljer has it backwards-arguing for classification as a core proceeding on the basis of a criterion for classification as a noncore proceeding.

*Matter of U.S. Brass Corp.*, 110 F.3d 1261, 1268-69 (7th Cir. 1997) (citations omitted).

In recent decision of *Messinger v. Chubb Group of Ins. Cos.*, 2007 WL 1466835 (N.D. Ohio 2007) (slip copy), the court also agreed that the trustee's action to recover insurance benefits from the debtor's insurer was a non-core proceeding:

---

[2] Though not applicable to the matter before this Court, it should be noted that the *Daewoo* court denied the insurer's motion to withdraw reference because the insurer did not timely serve its demand for a trial by jury. "Had Defendant filed a jury demand but withheld its consent to the bankruptcy court's holding the jury trial, this Court would be obligated to withdraw the reference because of its finding that this is a non-core matter." *Id.* at 315.

> Here, this Court is convinced that the Bankruptcy Court correctly identified this adversary proceeding as a non-core proceeding. The legal issues-breach of contract, breach of fiduciary duty and requested declaratory relief concerning the rights and duties of the parties under the Broker's Fidelity Bond-all arise out of an insurance coverage dispute between Messinger and the Chubb Group, which will require the consideration of numerous issues of substantive insurance law. These issues are outside the bankruptcy court's primary area of expertise. Further, the determination of Messinger's claims has no discernible relationship to the resolution of the bankruptcy proceeding. The question of whether there is coverage under the relevant insurance policy does not depend on the outcome of the bankruptcy proceeding, nor do the merits of the bankruptcy proceeding depend on whether there is coverage under the relevant insurance policy.

*Id.*, at *2.

Similar to the above cases, the matter before this Court involves the Trustee's claimed right to insurance coverage, a creation of state contract law, and could be vindicated as an ordinary breach of contract suit if debtor were not a bankrupt. As such it is not a core proceeding. *See, e.g., Matter of U.S. Brass Corp.*, 110 F.3d 1261 (7th Cir. 1997) (holding that action to enforced claimed right to insurance coverage is a creation of state contract law, and a noncore proceeding); *In re Roman Catholic Archbishop of Portland in Oregon*, 2005 WL 196477, *2 (D. Or. 2005) (unreported decision noting there was no dispute that debtors claim for insurance benefits under pre-petition insurance contract was non-core proceeding).

**B. Jury Trial**

As discussed above, this matter is a non-core proceeding. The Seventh Amendment provides that "no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of common law." (U.S.Const.Amend. VII). HARTFORD has a constitutional right to, and has not waived its right to a trial by jury in this matter. (U.S.Const.Amend. VII.) Where "there is a right to jury trial in a non-core matter, that factor may weigh heavily in favor of withdrawing the reference so as to give the parties an opportunity for a jury trial in the district court." *Daewoo Motor*, above, 302 B.R. at 314 (citing *Orion Pictures Corp. v. Showtime Networks*, 4 F.3d 1095, 1101 (2d Cir. 1993)).

///

///

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

Under 28 U.S.C. § 157(e), "If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."

Here, HARTFORD refuses consent for a jury trial in bankruptcy court. As the Seventh Amendment still applies to matters related to bankruptcy, "[w]ithdrawal of the reference is therefore required in instances where a defendant who is entitled to a jury trial does not consent to the holding of such trial in the Bankruptcy Court." *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 2000 WL 1074304, *4 (D. Md. 2000) (decision not reported).

In *In re Cinematronics, Inc.*, 916 F.2d 1444 (9th Cir. 1990), the Ninth Circuit was faced with this very issue:

> Accordingly, we find that grave Seventh Amendment problems would arise if a jury trial is conducted by the bankruptcy court, because section 157(c)(1) requires de novo review by the district court of noncore matters. [citations].
>
> If the district courts refused to review bankruptcy court jury verdicts on noncore matters with the de novo standard, they would be acting contrary to express statutory mandate, see section 157(c)(1). Yet, if they reviewed the bankruptcy court verdicts de novo they would be at odds with the Seventh Amendment. [footnote] Faced with this problem, several courts have concluded that where a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate. [citations]
>
> We agree with these courts and conclude that bankruptcy courts cannot conduct jury trials on noncore matters, where the parties have not consented.

*In Re Cinematronics, Inc.*, 916 F.2d at 1451 (citations and footnote omitted).

Since this is a non-core proceeding and because HARTFORD has not waived its right to trial by jury and will not consent to the bankruptcy court's jurisdiction, this Court must withdraw its reference in this matter and remand this matter back to the U.S. District Court.

**C. Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which states:

> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all

> civil proceedings arising under title 11, or arising in or related to cases under title 11.

Related matters are matters which conceivably have an effect on the bankruptcy estate. *In Re World Solar*, 81 B.R. 603 (S.D. Cal. 1988); *See also, Drexel Burnham Lambert Group v. Vigilant Ins.*, 130 B.R. 405 (S.D.N.Y. 1991) (action for breach of contract against insurers which provided fidelity bond to debtor was "related to" a case under Title 11 for purposes of section 1334(b) since the outcome could conceivably affect the bankruptcy estate.)

Here, the Adversary Complaint against HARTFORD is a non-core proceeding which is related to the bankruptcy proceeding since any recovery by the Trustee could constitute potential assets of the estate. Since this matter is "related to" PCG's bankruptcy proceeding, the district court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

Additionally, the district court would have jurisdiction based on the diversity of the parties since HARTFORD's place of incorporation and principal place of business is Connecticut and, upon information and belief, PCG is a Nevada corporation with its principal place of business in California. (Adversary Complaint ¶ 2.)

## III. CONCLUSION

For the foregoing reasons, HARTFORD respectfully requests that this Court withdraw reference of this matter to the Bankruptcy Court.

DATED: June 26, 2007

ANDERSON, McPHARLIN & CONNERS LLP

By: ______________________
Gary J. Valeriano
Mark J. Krone
Attorneys for Defendant HARTFORD FIRE INSURANCE COMPANY

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Thirty-First Floor, 444 South Flower Street, Los Angeles, California 90071-2901.

On June 28, 2007, I served the following document(s) described as **DEFENDANT'S NOTICE AND MOTION FOR WITHDRAWAL OF REFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

William E. Adams
Fitzgerald, Abbott & Beardsley, LLP
P. O. Box 12867
Oakland, CA 94604-2867

Attorneys for John T. Kendall, Chapter 7 Trustee

**BY MAIL:** I am "readily familiar" with Anderson, McPharlin & Conners' practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 28, 2007, at Los Angeles, California.

Colette Shepard
Colette Shepard

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594