```
1  GARY J. VALERIANO (Bar No. 89644)
      gjv@amclaw.com
2  MARK J. KRONE (Bar No. 219806)
      mk@amclaw.com
3  ANDERSON, McPHARLIN & CONNERS LLP
   Thirty-First Floor
4  444 South Flower Street
   Los Angeles, California 90071-2901
5  TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

6  Attorneys for Defendant HARTFORD FIRE
   INSURANCE COMPANY
7
```

COPY OF ORIGINAL FILED
2007 JUN 29 PM 2:59
U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
OAKLAND, CA.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND

| | |
|---|---|
| In re<br><br>PLAN COMPLIANCE GROUP, LTD.,<br><br>Debtor.<br><br>———————————————<br>JOHN T. KENDALL, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>HARTFORD FIRE INSURANCE COMPANY, a Connecticut Corporation,<br><br>Defendant. | Case No. 05-49454 RN7<br><br>Adv. Proc. No.: 07-04082<br><br>**DEFENDANT'S REQUEST FOR COURT TO TAKE JUDICIAL NOTICE**<br><br>[Filed Concurrently with Defendant's Motion for Withdrawal of Reference]<br><br>**JURY TRIAL DEMANDED**<br><br>Date: August 8, 2007<br>Time: 9:30 a.m.<br>Ctrm: 220 |

TO THE COURT AND ALL PARTIES OF RECORD HEREIN:

Defendant HARTFORD FIRE INSURANCE COMPANY ("HARTFORD") hereby requests that the court take judicial notice of the following matter pursuant to Fed. R. Evid. Rule 201:

/ / /

637564.1 0022.590

1   Case No. _05-49454 RN7; Adv. Proc. 07-04082.91_
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

Exhibit A: A true and correct copy of the Adversary Complaint styled "*JOHN T. KENDALL, Chapter 7 Trustee, Plaintiff, vs. HARTFORD FIRE INSURANCE COMPANY, a Connecticut Corporation, Defendant*," Adversary Case No. Adv. Proc. No.: 07-04082, filed on May 18, 2007, in the United States Bankruptcy Court, Northern District of California, Oakland Division.

DATED: June 27 2007

ANDERSON, McPHARLIN & CONNERS LLP

By: /s/ Gary J. Valeriano

Gary J. Valeriano
Mark J. Krone
Attorneys for Defendant HARTFORD FIRE INSURANCE COMPANY

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

637564.1 0022.590

2   Case No. 05-49454 RN7; Adv. Proc. 07-04082.91
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

**EXHIBIT A**

WILLIAM E. ADAMS #153330
DAWN NEWTON #209002
MICHAEL D. GOWE #226989
FITZGERALD ABBOTT & BEARDSLEY LLP
1221 Broadway, 21st Floor
Oakland, California 94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527
Email: wadams@fablaw.com

Attorneys for John T. Kendall, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

In re

PLAN COMPLIANCE GROUP, LTD.,

Debtor.

Case No.: 05-49454 RN7
Chapter 7

**COMPLAINT FOR DECLARATORY RELIEF**

JOHN T. KENDALL, Chapter 7 Trustee,

Plaintiff,

vs.

HARTFORD FIRE INSURANCE COMPANY, a Connecticut Corporation,

Defendant.

Adv. Proc. No.:

Plaintiff John T. Kendall, Chapter 7 Trustee ("Plaintiff"), hereby alleges as follows:

## THE PARTIES

1. Plaintiff brings this action solely in his capacity as the Trustee for the bankruptcy estate of Plan Compliance Group, Ltd. ("PCG").

2. Defendant Hartford Fire Insurance Company ("Defendant") is a Connecticut corporation with its principal place of business in Connecticut. Plaintiff is informed and

1
CHAPTER 7

COMPLAINT FOR DECLARATORY RELIEF
CASE NO.: 05-49454 RN7

5/18/07 (23678) #270123.1

1  believes that Defendant is authorized to conduct business, and at all relevant times was
2  conducting business, in the State of California.

### JURISDICTION AND VENUE

3. The within bankruptcy case was commenced on or about December 29, 2005 (the "Petition Date"), when the Debtor filed a voluntary bankruptcy petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Code"), Bankruptcy Case No. 05-49454, which is currently pending in the Oakland Division of the United States Bankruptcy Court for the Northern District of California. Plaintiff was subsequently appointed by the Office of the United States Trustee as the Chapter 7 Trustee in this case.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5. This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

6. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E),(F) and (O).

### COUNT FOR DECLARATORY RELIEF

7. Plaintiff is Chapter 7 Trustee in Bankruptcy for PCG in the above-captioned matter.

8. PCG provided investment services on behalf of federal employees and employees of state and local educational institutions, including investments of money designated by these employees for 26 U.S.C. § 403(b) personal retirement plans. Francis W. Reimers ("Reimers") was employed by PCG and served as its President and CEO from the time of formation until December 2005.

9. Effective October 30, 1999, PCG obtained a fidelity bond—CrimeShield Policy for Mercantile Entities, Policy No. 57BDDAH0053 (the "Bond")—from Defendant to insure against employee fraud and dishonesty. The Bond is attached hereto as Attachment A. The Bond provides, in relevant part, that Defendant will indemnify PCG for employee thefts to the

policy limits of $2 million.

10. Specifically, the Bond provides: "We will pay for loss of or damage to 'money', 'securities' and 'other property' which results directly from 'theft' by an 'employee', whether or not identifiable, while acting alone or in collusion with other persons." "Theft" is defined as "the unlawful taking of 'money', 'securities' or 'other property' to the deprivation of the insured." "Employee" is defined in the Bond, in relevant part, as:

> 1. any natural person ... while in your service or for 60 days after termination of service; and ... who you compensate directly by salary, wages, commissions; and ... who you have the right to direct and control while performing services for you; including one
>
>     d.    who is performing services for you as the chairman, or a member of any committee and whether compensated or not; or
>
>     e.    who is a director or trustee while acting as a member of any of your elected or appointed committees to perform on your behalf, specific, as distinguished from general directorial acts; or
>
>     f.    who is a non-compensated officer ...
>
> 2. a natural person who is a trustee, officer, 'employee', administrator or manager, except an administrator or a manager who is an independent contractor, of any 'employee benefit Plan(s)' insured under this policy; and your director or trustee while that person is handling 'funds' or 'other property' of 'employee benefit Plan(s)' insured under this Policy.

11. "Employee benefit Plan(s)" is defined by the Bond as follows:

> 'Employee benefit Plan(s)' means any welfare or pension Plan listed in the Declarations, on an attached schedule or for which automatic coverage is afforded that is subject to the Employee Retirement Income Security Act (ERISA) of 1974, as amended.

12. The Bond further provides:

> This Policy insures those Plans which are named as additional Insureds in the Declarations or on any attached Schedule for loss through fraud or dishonesty as defined in Section 2580.412-9 of the Employee Retirement Income Security Act (ERISA) as amended. For any Plans not specifically named as Insureds, this Policy is deemed to be in compliance with, and satisfy the bonding requirements of Section 2580.312-11 of the act. This insurance provides a Limit of Insurance which is equal to 10% of the amount of the funds handled or $500,000., [sic] whichever is less, for each Plan bonded and the minimum Limit of Insurance for any Plan shall

3
CHAPTER 7

COMPLAINT FOR DECLARATORY RELIEF
ADV. PROC. NO.:

5/18/07 (23678) #270123.1

be $1,000. The Limit of Insurance available for any Plan loss will be determined by the amount of funds handled on the date when any covered loss occurs subject to the foregoing limitations.

13. PCG qualifies as an insured under the Bond.

14. On November 17, 2005, counsel for the Hawaii Department of Education sent a letter to PCG notifying it of claims against it arising out of PCG's alleged "failure to properly account for, administer and return approximately $2.3 million" of the Department's money and requesting that PCG "tender its claims immediately under all potentially applicable insurance policies." Defendant was immediately placed on notice of the potential loss. An investigation by PCG resulted in the discovery of massive defalcations from PCG by Reimers.

15. On April 10, 2006, Plaintiff, in accordance with the obligations under the Bond, filed a Proof of Loss with the Defendant for amounts in excess of $2 million arising out of the misappropriation of money, securities, and other covered property of PCG. The Proof of Loss indicates that the "loss" was first discovered on December 16, 2005 and had occurred over the time period between June 15, 2005 and December 15, 2005. At Defendant's request, on or about September 8, 2006, Plaintiff submitted an Amended Proof of Loss to Defendant without substantive change from its April 10, 2006 Proof of Loss.

16. The Amended Proof of Loss certifies that PCG suffered loss through theft by Reimers in his capacity as "plan administrator." Specifically, Reimers' defalcations involved electronic transfers from PCG accounts containing both client investments and PCG fees paid for its compliance services to other accounts that did not require multiple signatories. Reimers then converted the monies to pay for personal expenditures. Reimers also wrote checks out of PCG accounts made payable to vendors for his personal expenses. Although checks payable from PCG accounts required two signatures, Reimers routinely signed checks for personal expenses drawn from the accounts without a second signature. The amount of funds misappropriated by Reimers is estimated to be in excess of $4 million. An investigation by Federal Bureau of Investigation as to the particular transactions, amounts, and methods of theft

1  led to a guilty plea by Reimers, who is currently awaiting criminal sentencing in the United
2  States District Court, Northern District of California.

3      17.    Since Plaintiff notified Defendant of the potential loss, Defendant has refused to
4  indemnify PCG, by way of Plaintiff, for losses incurred as a result of Reimers' defalcations.

5      18.    Plaintiff contends that, pursuant to the terms, conditions, exclusions, and
6  endorsements of the Bond, Defendant owes PCG the duty to fully and completely indemnify it
7  in the full amount of the Bond of $2 million in connection with Reimers' defalcations.

8      19.    Plaintiff is informed and believes, and therefore alleges, that Defendant denies
9  Plaintiff's contention and believes that it has no duty to fully and completely indemnify PCG in
10 connection with Reimers' defalcations.

11     20.    An actual, present, and justiciable controversy has therefore arisen and now
12 exists between Plaintiff and Defendant concerning their respective rights, duties, and obligations
13 under the Bond in connection with Reimers' defalcations.

14     21.    A judicial determination of this controversy is necessary and appropriate in order
15 for the parties to ascertain their rights, duties, and obligations under the Bond in connection with
16 PCG's losses due to the defalcations of Reimers.

17     WHEREFORE, Plaintiff prays:

18     A.    For a declaration that under the terms of the Bond, Defendant has an obligation
19 to Plaintiff to fully and completely reimburse PGC in the amount of $2 million in connection
20 with Reimers' defalcations; and

21     B.    For all other relief the Court deems just and proper.

Dated: May 18, 2007        FITZGERALD ABBOTT & BEARDSLEY LLP

By _____
William E. Adams

5
CHAPTER 7
COMPLAINT FOR DECLARATORY RELIEF
ADV. PROC. NO.:

5/18/07 (23678) #270123.1

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Thirty-First Floor, 444 South Flower Street, Los Angeles, California 90071-2901.

On June 28, 2007, I served the following document(s) described as **DEFENDANT'S REQUEST FOR COURT TO TAKE JUDICIAL NOTICE** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| William E. Adams<br>Fitzgerald, Abbott & Beardsley, LLP<br>P. O. Box 12867<br>Oakland, CA 94604-2867 | Attorneys for John T.<br>Kendall, Chapter 7 Trustee |

**BY MAIL:** I am "readily familiar" with Anderson, McPharlin & Conners' practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 28, 2007, at Los Angeles, California.

*Colette Shepard*
Colette Shepard

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

638254.1 0022.590