1  GARY J. VALERIANO (Bar No. 89644)
     gjv@amclaw.com
2  MARK J. KRONE (Bar No. 219806)
     mk@amclaw.com
3  ANDERSON, McPHARLIN & CONNERS LLP
   Thirty-First Floor
4  444 South Flower Street
   Los Angeles, California  90071-2901
5  TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

6  Attorneys for Defendant HARTFORD FIRE
   INSURANCE COMPANY

7

8              UNITED STATES BANKRUPTCY COURT

9          NORTHERN DISTRICT OF CALIFORNIA, OAKLAND

10

11 | In re                                    | Case No. 3:07-cv-03713-MJJ
12 | PLAN COMPLIANCE GROUP, LTD.,             | Assigned to: Hon. Martin J. Jenkins
13 |                                          |
14 |                 Debtor.                  | **DEFENDANT'S REQUEST FOR COURT TO TAKE JUDICIAL NOTICE**
15 |                                          | **[Filed Concurrently with Defendant's Motion for Withdrawal of Reference; and Memorandum of Points and Authorities]**
16 |
17 | JOHN T. KENDALL, Chapter 7 Trustee,
18 |                 Plaintiff,               | Date:     12/4/07
                                              | Time:     9:30 a.m.
19 |       vs.                                | Ctrm:     11
20 | HARTFORD FIRE INSURANCE
   | COMPANY, a Connecticut Corporation,
21 |
22 |                 Defendant.

23 **TO THE COURT AND ALL PARTIES OF RECORD HEREIN:**

24

25         Defendant HARTFORD FIRE INSURANCE COMPANY ("HARTFORD") hereby

26 requests that the court take judicial notice of the following document pursuant to Fed. R. Evid.

27 Rule 201:

28 / / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

Exhibit A:      A true and correct copy of the Adversary Complaint styled "*JOHN T. KENDALL,*

*Chapter 7 Trustee, Plaintiff, vs. HARTFORD FIRE INSURANCE COMPANY, a*

*Connecticut Corporation, Defendant*," Adversary Case No. Adv. Proc. No.: 07-

04082, filed on May 18, 2007, in the United States Bankruptcy Court, Northern

District of California, Oakland Division.

DATED: October 23, 2007                    ANDERSON, McPHARLIN & CONNERS LLP


                                           By:   /s/ Mark J. Krone
                                                 Gary J. Valeriano
                                                 Mark J. Krone
                                           Attorneys for Defendant HARTFORD FIRE
                                           INSURANCE COMPANY

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

**EXHIBIT 1**

1  WILLIAM E. ADAMS #153330
   DAWN NEWTON #209002
2  MICHAEL D. GOWE #226989
   FITZGERALD ABBOTT & BEARDSLEY LLP
3  1221 Broadway, 21st Floor
   Oakland, California 94612
4  Telephone: (510) 451-3300
   Facsimile: (510) 451-1527
5  Email: wadams@fablaw.com

6  Attorneys for John T. Kendall, Chapter 7 Trustee

7

8              UNITED STATES BANKRUPTCY COURT

9          NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

10 In re                                Case No.: 05-49454 RN7
                                        Chapter 7
11 PLAN COMPLIANCE GROUP, LTD.,
                                        **COMPLAINT FOR DECLARATORY
12               Debtor.                RELIEF**

13

14

15 JOHN T. KENDALL, Chapter 7 Trustee,  Adv. Proc. No.:

16               Plaintiff,

17        vs.

18 HARTFORD FIRE INSURANCE
   COMPANY, a Connecticut Corporation,
19
20               Defendant.

21      Plaintiff John T. Kendall, Chapter 7 Trustee ("Plaintiff"), hereby alleges as follows:

22                        **THE PARTIES**

23      1.    Plaintiff brings this action solely in his capacity as the Trustee for the bankruptcy

24 estate of Plan Compliance Group, Ltd. ("PCG").

25      2.    Defendant Hartford Fire Insurance Company ("Defendant") is a Connecticut

26 corporation with its principal place of business in Connecticut. Plaintiff is informed and

27                              1
                         CHAPTER 7
28
            COMPLAINT FOR DECLARATORY RELIEF
                 CASE NO.: 05-49454 RN7

1  believes that Defendant is authorized to conduct business, and at all relevant times was

2  conducting business, in the State of California.

3  **JURISDICTION AND VENUE**

4       3.     The within bankruptcy case was commenced on or about December 29, 2005 (the

5  "Petition Date"), when the Debtor filed a voluntary bankruptcy petition for relief under Chapter

6  7 of Title 11 of the United States Bankruptcy Code (the"Code"), Bankruptcy Case No. 05-

7  49454, which is currently pending in the Oakland Division of the United States Bankruptcy

8  Court for the Northern District of California.  Plaintiff was subsequently appointed by the Office

9  of the United States Trustee as the Chapter 7 Trustee in this case.

10       4.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

11  §§ 157 and 1334.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

12       5.     This action is commenced pursuant to Federal Rule of Bankruptcy Procedure

13  7001.

14       6.     This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E),(F) and (O).

15  **COUNT FOR DECLARATORY RELIEF**

16       7.     Plaintiff is Chapter 7 Trustee in Bankruptcy for PCG in the above-captioned

17  matter.

18       8.     PCG provided investment services on behalf of federal employees and

19  employees of state and local educational institutions, including investments of money

20  designated by these employees for 26 U.S.C. § 403(b) personal retirement plans.  Francis W.

21  Reimers ("Reimers") was employed by PCG and served as its President and CEO from the time

22  of formation until December 2005.

23       9.     Effective October 30, 1999, PCG obtained a fidelity bond—CrimeShield Policy

24  for Mercantile Entities, Policy No. 57BDDAH0053 (the "Bond")—from Defendant to insure

25  against employee fraud and dishonesty.  The Bond is attached hereto as Attachment A.  The

26  Bond provides, in relevant part, that Defendant will indemnify PCG for employee thefts to the

27  2

28  CHAPTER 7

COMPLAINT FOR DECLARATORY RELIEF<br/>ADV. PROC. NO.:

5/18/07 (23678) #270123.1

1  policy limits of $2 million.

2         10.  ·    Specifically, the Bond provides: "We will pay for loss of or damage to 'money',

3  'securities' and 'other property' which results directly from 'theft' by an 'employee', whether or

4  not identifiable, while acting alone or in collusion with other persons." "Theft" is defined as

5  "the unlawful taking of 'money', 'securities' or 'other property' to the deprivation of the insured."

6  "Employee" is defined in the Bond, in relevant part, as:

7           1. any natural person ... while in your service or for 60 days after
8           termination of service; and ... who you compensate directly by salary,
             wages, commissions; and ... who you have the right to direct and control
9           while performing services for you; including one

10                  d.      who is performing services for you as the
             chairman, or a member of any committee and whether compensated or
11           not; or

12                  e.      who is a director or trustee while acting as a
             member of any of your elected or appointed committees to perform on
13           your behalf, specific, as distinguished from general directorial acts; or

14                  f.      who is a non-compensated officer ...

15           2.      a natural person who is a trustee, officer, 'employee', administrator
16           or manager, except an administrator or a manager who is an independent
             contractor, of any 'employee benefit Plan(s)' insured under this policy;
17           and your director or trustee while that person is handling 'funds' or 'other
             property' of 'employee benefit Plan(s)' insured under this Policy.

18      11.   "Employee benefit Plan(s)" is defined by the Bond as follows:

19  'Employee benefit Plan(s)' means any welfare or pension Plan listed in the
20  Declarations, on an attached schedule or for which automatic coverage is
    afforded that is subject to the Employee Retirement Income Security Act
21  (ERISA) of 1974, as amended.

22      12.   The Bond further provides:

23  This Policy insures those Plans which are named as additional Insureds in
    the Declarations or on any attached Schedule for loss through fraud or
24  dishonesty as defined in Section 2580.412-9 of the Employee Retirement
    Income Security Act (ERISA) as amended.  For any Plans not specifically
25  named as Insureds, this Policy is deemed to be in compliance with, and
    satisfy the bonding requirements of Section 2580.312-11 of the act.  This
26  insurance provides a Limit of Insurance which is equal to 10% of the
    amount of the funds handled or $500,000., [sic] whichever is less, for
27  each Plan bonded and the minimum Limit of Insurance for any Plan shall

3
CHAPTER 7

COMPLAINT FOR DECLARATORY RELIEF
ADV. PROC. NO.:

5/18/07 (23678) #270123.1

1   be $1,000.  The Limit of Insurance available for any Plan loss will be
2   determined by the amount of funds handled on the date when any covered
    loss occurs subject to the foregoing limitations.

3   13.   PCG qualifies as an insured under the Bond.

4   14.   On November 17, 2005, counsel for the Hawaii Department of Education sent a
5   letter to PCG notifying it of claims against it arising out of PCG's alleged "failure to properly
6   account for, administer and return approximately $2.3 million" of the Department's money and
7   requesting that PCG "tender its claims immediately under all potentially applicable insurance
8   policies."  Defendant was immediately placed on notice of the potential loss.  An investigation
9   by PCG resulted in the discovery of massive defalcations from PCG by Reimers.

10   15.   On April 10, 2006, Plaintiff, in accordance with the obligations under the Bond,
11   filed a Proof of Loss with the Defendant for amounts in excess of $2 million arising out of the
12   misappropriation of money, securities, and other covered property of PCG.  The Proof of Loss
13   indicates that the "loss" was first discovered on December 16, 2005 and had occurred over the
14   time period between June 15, 2005 and December 15, 2005.  At Defendant's request, on or
15   about September 8, 2006, Plaintiff submitted an Amended Proof of Loss to Defendant without
16   substantive change from its April 10, 2006 Proof of Loss.

17   16.   The Amended Proof of Loss certifies that PCG suffered loss through theft by
18   Reimers in his capacity as "plan administrator."  Specifically, Reimers' defalcations involved
19   electronic transfers from PCG accounts containing both client investments and PCG fees paid
20   for its compliance services to other accounts that did not require multiple signatories.  Reimers
21   then converted the monies to pay for personal expenditures.  Reimers also wrote checks out of
22   PCG accounts made payable to vendors for his personal expenses.  Although checks payable
23   from PCG accounts required two signatures, Reimers routinely signed checks for personal
24   expenses drawn from the accounts without a second signature.  The amount of funds
25   misappropriated by Reimers is estimated to be in excess of $4 million.  An investigation by
26   Federal Bureau of Investigation as to the particular transactions, amounts, and methods of theft

27

28

4
CHAPTER 7

COMPLAINT FOR DECLARATORY RELIEF
ADV. PROC. NO.:

5/18/07 (23678) #270123.1

1    led to a guilty plea by Reimers, who is currently awaiting criminal sentencing in the United

2    States District Court, Northern District of California.

3          17.    Since Plaintiff notified Defendant of the potential loss, Defendant has refused to

4    indemnify PCG, by way of Plaintiff, for losses incurred as a result of Reimers' defalcations.

5          18.    Plaintiff contends that, pursuant to the terms, conditions, exclusions, and

6    endorsements of the Bond, Defendant owes PCG the duty to fully and completely indemnify it

7    in the full amount of the Bond of $2 million in connection with Reimers' defalcations.

8          19.    Plaintiff is informed and believes, and therefore alleges, that Defendant denies

9    Plaintiff's contention and believes that it has no duty to fully and completely indemnify PCG in

10   connection with Reimers' defalcations.

11         20.    An actual, present, and justiciable controversy has therefore arisen and now

12   exists between Plaintiff and Defendant concerning their respective rights, duties, and obligations

13   under the Bond in connection with Reimers' defalcations.

14         21.    A judicial determination of this controversy is necessary and appropriate in order

15   for the parties to ascertain their rights, duties, and obligations under the Bond in connection with

16   PCG's losses due to the defalcations of Reimers.

17         WHEREFORE, Plaintiff prays:

18         A.    For a declaration that under the terms of the Bond, Defendant has an obligation

19   to Plaintiff to fully and completely reimburse PGC in the amount of $2 million in connection

20   with Reimers' defalcations; and

21         B.    For all other relief the Court deems just and proper.

22   Dated:  May 18, 2007                FITZGERALD ABBOTT & BEARDSLEY LLP

23

24                                   By _____
                                        William E. Adams

25

26

27                                        5
                                     CHAPTER 7
28
                          COMPLAINT FOR DECLARATORY RELIEF
                                ADV. PROC. NO.:

5/18/07 (23678) #270123.1