ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| In re | Case No. 3:07-cv-03713-MJJ |
| PLAN COMPLIANCE GROUP, LTD., | Assigned to: Hon. Martin J. Jenkins |
| Debtor. | **[PROPOSED] ORDER RE DEFENDANT'S MOTION FOR WITHDRAWAL OF REFERENCE** |
| JOHN T. KENDALL, Chapter 7 Trustee, | |
| Plaintiff, | Date:   12/4/07<br>Time:   9:30 a.m.<br>Ctrm:   11 |
| vs. | |
| HARTFORD FIRE INSURANCE COMPANY, a Connecticut Corporation, | |
| Defendant. | |

## I. BACKGROUND

On May 18, 2007, Plaintiff John T. Kendall ("Plaintiff"), the Chapter 7 Trustee in the matter captioned "In re Plan Compliance Group, Ltd.," Case No. 05-49454 RN7 of the United States Bankruptcy Court, Northern District of California, Oakland (the "PCG Bankruptcy"), commenced an adversary proceeding against Defendant HARTFORD FIRE INSURANCE COMPANY ("HARTFORD"). In its "Complaint for Declaratory Relief" (the "Adversary Complaint"), Plaintiff alleges that HARTFORD insured PCG against employee fraud and

dishonesty (Adversary Complaint ¶ 9) and HARTFORD is contractually obligated to indemnify PCG for losses arising from a fraudulent scheme that was carried out before the filing of the PCG Bankruptcy. (Adversary Complaint ¶¶ 9, 17-18). The gravamen of the Adversary Complaint is breach of contract and the relief sought is a payment of money under that contract. (Adversary Complaint ¶¶ 17-21, Prayer A.) HARTFORD moves, pursuant to 28 U.S.C. § 157(d), to withdraw reference of this matter to the bankruptcy court.

## II.  LEGAL STANDARD

The District Court has original jurisdiction over all cases arising under Title 11 of the Bankruptcy Code, but may "refer" bankruptcy cases to a bankruptcy judge for the district automatically. This automatic reference includes (1) all cases under Title 11; (2) all core proceedings arising under Title 11; and (3) non-core proceedings arising under or related to Title 11. 28 U.S.C. § 157. The authority to refer cases to the bankruptcy court is tempered by the provision that "the reference may or shall be withdrawn in certain situations." *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 951 (7th Cir. 1996). 28 U.S.C. § 157(d) states that reference of a matter to bankruptcy court may be withdrawn:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

"Whether to withdraw a case under § 157(d) is within this Court's discretion. The Ninth Circuit has said that the court should consider 'the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.'" *In re Daewoo Motor America, Inc.*, 302 B.R. 308, 310 (C.D. Cal. 2003) (citing *Security Farms v. Int'l Bhd. of Teamsters,* 124 F.3d 999, 1008 (9th Cir. 1997).

"Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core'" under 28 U.S.C. § 157. *See, e.g.*, *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997). If the proceeding is non-core, then

1  "the bankruptcy court may not enter final judgments without the consent of the parties, and its

2  findings of fact and conclusions of law in noncore matters are subject to de novo review by the

3  district court." *Harris Pine Mills v. Mitchell*, 44 F.3d 1431, 1436 (9th Cir. 1995).

4  Actions to enforce pre-bankruptcy petition insurance contracts are typically considered

5  non-core proceedings. See, e.g., *Matter of U.S. Brass Corp.*, 110 F.3d 1261, 1268-69 (7th Cir.

6  1997); *In re Daewoo Motor America, Inc.*, 302 B.R. 308, 311 (C.D. Cal. 2003).

7  HARTFORD has a constitutional right to, and has not waived its right to a trial by jury in

8  this matter. (U.S.Const.Amend. VII.) Where "there is a right to jury trial in a non-core matter,

9  that factor may weigh heavily in favor of withdrawing the reference so as to give the parties an

10 opportunity for a jury trial in the district court." *Daewoo Motor*, above, 302 B.R. at 314 (citing

11 *Orion Pictures Corp. v. Showtime Networks*, 4 F.3d 1095, 1101 (2d Cir. 1993)). "[B]ankruptcy

12 courts cannot conduct jury trials on noncore matters, where the parties have not consented." *In re

13 Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990).

14 Turning to whether this Court has jurisdiction of this proceeding, 28 U.S.C. § 1334 states

15 in pertinent part:

16  (b) Notwithstanding any Act of Congress that confers exclusive
    jurisdiction on a court or courts other than the district courts, the
17  district courts shall have original but not exclusive jurisdiction of all
    civil proceedings arising under title 11, or arising in or related to
18  cases under title 11.

19 28 U.S.C. § 1334(b).

20 Related matters are matters which conceivably have an effect on the bankruptcy estate. *In*

21 *Re World Solar*, 81 B.R. 603 (S.D. Cal. 1988); s*ee also, Drexel Burnham Lambert Group v.*

22 *Vigilant Ins.*, 130 B.R. 405 (S.D.N.Y. 1991).

23 **III.   ANALYSIS**

24 This matter is not a core proceeding, but a non-core proceeding. That is, Plaintiff alleges

25 that HARTFORD issued an insurance contract before the bankruptcy filing. Further, the

26 Adversary Complaint arises under California state law against a non-debtor / non-creditor

27 concerning a pre-bankruptcy petition contract. Accordingly, it is a non-core proceeding over

28 which the bankruptcy court lacks exclusive jurisdiction.

1  Further, HARTFORD anticipates demanding a jury trial and will not consent to the
2  bankruptcy court hearing a jury trial in this matter. As such, the bankruptcy court cannot conduct
3  the jury trial of this non-core matter.

4  This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b). The Adversary Complaint
5  against HARTFORD is a non-core proceeding which is related to the bankruptcy proceeding since
6  any recovery by the Trustee could constitute potential assets of the estate. Additionally, this Court
7  has jurisdiction based on diversity of the parties.

**IV.    CONCLUSION**

After considering the HARTFORD's motion, together with the respective accompanying exhibits thereto, IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 157(d), reference of this matter to the bankruptcy court is withdrawn.

DATED: October ___, 2007

_____
The Honorable Martin J. Jenkins
UNITED STATED DISTRICT COURT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594