GARY J. VALERIANO (Bar No. 89644)
  gjv@amclaw.com
MARK J. KRONE (Bar No. 219806)
  mk@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
Thirty-First Floor
444 South Flower Street
Los Angeles, California  90071-2901
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

Attorneys for Defendant HARTFORD FIRE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| In re<br><br>PLAN COMPLIANCE GROUP, LTD.,<br><br>Debtor. | Case No. 3:07-cv-03713-MJJ<br><br>Assigned to: Hon. Martin J. Jenkins<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR WITHDRAWAL OF REFERENCE**<br><br>**[Federal Rules of Bankruptcy Procedure Rules 5011 and 28 U.S.C. § 157(d)]**<br><br>**[Filed concurrently with Notice and Motion; and Request For Judicial Notice.]** |
| JOHN T. KENDALL, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>HARTFORD FIRE INSURANCE COMPANY, a Connecticut Corporation,<br><br>Defendant. | Date:   12/4/07<br>Time:   9:30 a.m.<br>Ctrm:   11 |

/ / /

/ / /

/ / /

/ / /

## I. INTRODUCTION

28 U.S.C. § 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." In determining whether to withdraw reference under 28 U.S.C. § 157(d), the court should consider whether the matter is core or non-core, as well as "'the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.'" *In re Daewoo Motor America, Inc.*, 302 B.R. 308, 310 (C.D. Cal. 2003) (citing *Security Farms v. Int'l Bhd. of Teamsters,* 124 F.3d 999, 1008 (9th Cir. 1997). Here, all pertinent factors favor of withdrawal of reference of the adversary proceeding by plaintiff JOHN T. KENDALL ("Plaintiff"), the Chapter 7 Trustee in the matter captioned "In re Plan Compliance Group, Ltd.," Case No. 05-49454 RN7 of the United States Bankruptcy Court, Northern District of California, Oakland (the "PCG Bankruptcy") against defendant and movant HARTFORD FIRE INSURANCE COMPANY ("HARTFORD").

## II. ARGUMENT

### A. The Matter Before this Court is a Non-Core Proceeding that Does Not Depend on Bankruptcy Laws for its Existence.

Though the core / non-core distinction is not dispositive, "it is helpful to make the core/non-core determination before considering the other factors because this determination implicates the efficiency and uniformity factors." *In re Daewoo Motor America, Inc.* 302 B.R.. at 311-12.

Notwithstanding Plaintiff's reliance upon *In re U.S. Lines, Inc.*, 197 F.3d 631 (2d Cir. 1999) to argue that the instant matter is a core proceeding, the Ninth Circuit employs a *more stringent* standard to determine whether a matter is a core or non-core proceeding:

> The Ninth Circuit has stated its general test for making the core/non-core determination as follows: "Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir.1997). Other circuits, including the Third, Sixth, Seventh, Eighth, and Tenth have stated the same test. *See Halper v. Halper*, 164 F.3d 830, 836 & n. 7 (3d Cir.1999) (listing cases).

/ / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

> The Second Circuit is less stringent concerning the interpretation of the catch-all provisions. In *In re Best Products Co., Inc.*, the Second Circuit reiterated its conclusion that this jurisdictional grant ought to be broadly construed. 68 F.3d 26, 31 (2d Cir.1995). …
>
> * * *
>
> Although there is something of a circuit split regarding how broadly the catch-all provisions ought to be construed, the Ninth Circuit clearly comes down on the side of narrow construction.

*In re Daewoo Motor America, Inc.*, 302 B.R. 308, 311-12 (C.D. Cal. 2003).

Though Plaintiff argues that the "largest potentially available asset from which to pay PCG's creditor claims are the insurance proceeds under the Policy for coverage of Reimers' theft,"[1] his argument misses the point: Mere augmentation of the estate's assets, without direct impact on the bankruptcy court's core administrative functions, does not mean an adversary proceeding is, *a fortiori*, a core proceeding. *See, e.g.*, *In re Daewoo Motor America, Inc.*, 302 B.R. at 313 (citing *In re U.S. Lines, Inc.*)

The unrebutted fact is that Plaintiff's action to enforce the terms of an insurance contract does not depend upon bankruptcy laws for its existence.

**B.  Reference of this non-core proceeding must be withdrawn because Hartford is entitled to jury trial.**

Plaintiff does not dispute that where "there is a right to jury trial in a non-core matter, that factor may weigh heavily in favor of withdrawing the reference so as to give the parties an opportunity for a jury trial in the district court." *Daewoo Motor*, above, 302 B.R. at 314 (citing *Orion Pictures Corp. v. Showtime Networks*, 4 F.3d 1095, 1101 (2d Cir. 1993)). Plaintiff also does not dispute that HARTFORD will not consent to a trial by jury by the bankruptcy court. Rather, Plaintiff's opposition is premised upon arguments. First, that this matter is a core proceeding, which is refuted above and in HARTFORD's moving papers. Second, that Plaintiff's action to enforce an insurance contract is equitable in nature because he styled it as a declaratory relief action. As Plaintiff puts it, "What Plaintiff seeks through his declaratory relief action is a

---

[1] Plaintiff's Opposition to Defendants Motion for Withdrawal of Reference ("Opp.") at p. 5, ll. 18-20.

court's interpretation of [HARTFORD's] obligations under the Policy vis-à-vis the losses sustained by PCG due to Reimers' defalcations."

Plaintiff's attempt to exalt form over substance is not supported by law.

> Insofar as the right to a jury trial is concerned, it is erroneous to say that all declaratory relief actions are equitable; an action for declaratory relief has been characterized as 'sui generis.' (*Veale v. Piercy*, 206 Cal.App.2d 557, 560-561, 24 Cal.Rptr. 91.)  Where an action for declaratory relief is in effect used as a substitute for an action at law for breach of contract, a party is entitled to a jury trial as a matter of right. (*State Farm Etc. Ins. Co. v. Superior Court*, 47 Cal.2d 428, 431-432, 304 P.2d 13; *Allstate Ins. Co. v. Normandie Club*, 221 Cal.App.2d 103, 105-106, 34 Cal.Rptr. 280.) ". . . (C)ourts will not permit the declaratory action to be used as a device to circumvent the right to a jury trial in cases where such right would be guaranteed if the proceeding were coercive rather than declaratory in nature." (*State Farm Etc. Ins. Co. v. Superior Court*, *Supra*, 47 Cal.2d p. 432, 304 P.2d p. 15; Witkin, California Procedure (1967 Supp.) p. 678; Comment (1959) 6 U.C.L.A.L.Rev. 678, 688.)

*Patterson v. Ins. Co. of No. America*, 6 Cal.App.3d 310, 315, (1970)

Whether and to what extent Plaintiff may enforce the terms of HARTFORD's insurance contract will depend upon principles of contract law, not equity.  Accordingly, HARTFORD has a right to trial by jury, regardless of Plaintiff's chosen nomenclature.  As such, this Court should withdraw reference of this matter from the bankruptcy court.

### C. Other factors militate in favor of withdrawal of reference.

Per Plaintiff's opposition, there are no other similar adversary proceedings:

> The debtor, PCG, exists in name only, having no assets of substance to repay the millions of dollars in creditor claims.  But for Reimers' defalcations, PCG would be solvent, and its former clients would not be forced to pursue recovery as creditors in bankruptcy.  The largest potentially available asset from which to pay PCG's creditor claims are insurance proceeds under the Policy for coverage of Reimer's theft.

Opp., p. 5, ll 16-21.

/ / /

/ / /

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

Further, there have been no related proceedings in bankruptcy court.

> Here, the dispute is at the initial pleading stage and no discovery has been undertaken by the parties; that the dispute is at this earliest of stages in the proceedings renders the likelihood of proceeding to trial and the complexity of discovery unknown.

Opp. p.8, ll. 13-16.

Plaintiff's Opposition demonstrates that efficient use of judicial resources is <u>not</u> furthered by maintaining this proceeding in bankruptcy court. Being in the most preliminary stages, the bankruptcy court has no better familiarity with insurance contract at issue. There being no similar proceedings, there is no likelihood that withdrawal of reference of this matter will adversely impact the uniformity of the bankruptcy administration. Further Plaintiff has identified no additional delay and costs resulting from withdrawal of reference.

In short, Plaintiff has identified no factors that favor denial of HARTFORD's Motion for Withdrawal of Reference.

### III. CONCLUSION

For the foregoing reasons, HARTFORD respectfully requests that this Court grant its Motion for Withdrawal of Reference.

DATED: November 28, 2007                ANDERSON, McPHARLIN & CONNERS LLP


By:       /s/  Mark J. Krone
            Gary J. Valeriano
            Mark J. Krone
Attorneys for Defendant HARTFORD FIRE
INSURANCE COMPANY

REPLY IN SUPPORT OF MOTION FOR WITHDRAWAL OF REFERENCE